# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. CR-22-493-D |
| ) | |
| KALEAFIA PEEVY, ) | |
| ) | |
| Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

Before the Court is the United States' Motion for a Preliminary Order of Forfeiture. [Doc. No. 18] under Fed. R. Crim. P. 32.2. Upon consideration, based on evidence already in the record, the Court makes the following determinations.

As a result of Defendant Kaleafia Peevy's plea of guilty on January 5, 2023, to Count 2 of the Indictment [Doc. No. 1], for which the United States sought forfeiture, Defendant shall forfeit to the United States any firearms and ammunition involved in the commission of the offense, including but not limited to the following specific property (the "Subject Property"):

    a.    a Taurus, model G3c, 9mm caliber pistol, bearing serial number ACH155558; and

    b.    any and all ammunition and magazines not specifically listed.

The Court has determined, based on Defendant's plea, that the Subject Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and that the United States has established the requisite nexus between Subject Property and the offense to which Defendant pled guilty.

Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General (or his designee) is authorized to seize the Subject Property or to take any actions allowed under Fed. R. Crim. P. 32.2(b)(3), and to commence any applicable proceedings to comply with 21 U.S.C. § 853(n) governing third-party rights, including giving notice of this Order.

The United States shall publish on its official Internet website, www.forfeiture.gov, in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a copy of this Order and notice of the United States' intent to dispose of the property in such a manner as the Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property, pursuant to 21 U.S.C. § 853(n)(1).  Because the Court orders the forfeiture of specific property, the United States must publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.  *See* Fed. R. Crim. P. 32.2(b)(6).

Any person, other than Defendant, asserting a legal interest in the Subject Property may within 30 days of the final publication of notice or receipt of notice under 21 U.S.C. § 853(n)(1), whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2)-(6).  Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the

petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n)(3). The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests or, if none are asserted, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third-party petitions, pursuant to 21 U.S.C. § 853(n)(7).

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant at sentencing – or before sentencing if Defendant consents – and the Court must include the forfeiture when orally announcing the sentence or must otherwise ensure that Defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

The Court shall retain jurisdiction to enforce and amend this Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 27th day of January, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge